UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ODED SCHOR and ANAT SCHOR,

                            Plaintiffs,                      REPORT AND
                                                                     RECOMMENDATION

              - against -
                                                                       06-CV-1148 (ERK)

DAVID HAYIM, MICHAEL HAYIM,
SAMI HAYIM, and MAZAL HAYIM,

                            Defendants.
-----------------------------------------------------X
**Gold, S., United States Magistrate Judge:**

## INTRODUCTION

      This case arises from plaintiffs' tender of funds to defendants for purposes of investment. Plaintiffs allege that they invested more than $600,000 based upon defendants' promise that they would be partners in a diner business, but that they never received the ownership interest or management position promised by defendants. Plaintiffs sue, asserting claims of common law fraud, breach of fiduciary duty, breach of contract, unjust enrichment and conversion.

      In their answer, defendants admit receiving substantial funds from plaintiffs. Answer ¶¶ 17, 24, 38. Defendants also claim in their answer to be successful businessmen who amassed a net worth of $5 million by 2001. Answer ¶ 89.

      Plaintiffs filed their complaint on March 14, 2006. Shortly thereafter, plaintiffs advised defendants of their intention to move for an order prohibiting the sale of the diner. Certification of Peter R. Silverman in Support of Order to Show Cause ("Silverman Cert.") ¶ 3(ii). On April 11, 2006, less than one month later, the parties filed a stipulation with the court, providing that, upon the sale of the diner that is the subject of this lawsuit,

            1. The defendants will cause $600,000 (the "Escrow Fund")

> payable to or on behalf of the defendants or to any entity in which the defendants have an interest to be deposited in an interest bearing account maintained by the defendants counsel, Fisher and Fisher P.C. (the "Escrow Agent") at Chase Manhattan Bank account number . . . .
>
> 2. The Escrow Agent shall only dispose of such Escrow Funds (a) in accordance with the further order of this court or (b) in accordance with a further stipulation and agreement between the parties hereto.

Docket Entry 3. The stipulation was entered as an order of this court by Chief United States District Judge Edward R. Korman on April 12, 2006. Docket Entry 5.

Plaintiffs' counsel represents to the court, without contradiction, that they have learned that defendants sold the diner in mid-April, that defendants were paid $700,000 in cash and $450,000 in promissory notes from the buyer, and that NONE of the sales proceeds were deposited into the escrow account. Silverman Cert., ¶ 3(v).

Upon learning of the sale of the diner and the failure of defendants to place any of the proceeds in escrow, plaintiffs moved for an order: (1) authorizing discovery of defendants' assets and attachment of the assets discovered; (2) requiring defendants to deposit any proceeds from the sale of the diner at issue in this lawsuit into escrow, to turn over any promissory notes received from the buyers of the diner, to provide an accounting with respect to the remaining proceeds and to disclose of all documents relating to the sale of the diner; (3) striking defendants' answer; (4) holding defendants in contempt of court; and (5) awarding plaintiffs' counsel fees and costs for making this motion. Docket Entry 10. Defendants have filed a cross- motion seeking to "clarify or modify" the terms of the stipulation. Docket Entry 13. Chief Judge Korman has referred the motions to me for a report and recommendation. Docket Entry 15.

DISCUSSION

The core of plaintiffs' motion is their application to attach defendants' assets. Seizures of property prior to judgment are available to federal court litigants pursuant to the laws of the state in which the federal court sits. Prejudgment attachment of assets is available under New York Law where a plaintiff sues for a money judgment and establishes that a defendant, with the intent to frustrate a judgment that might be rendered in plaintiffs favor, has assigned, disposed of, encumbered or secreted property. N.Y. C.P.L.R. 6201(3). To obtain an order of attachment, a plaintiff must also show a probability of success on the merits of the underlying claims, and post an undertaking of at least $500. N.Y. C.P.L.R. 6212.

In this case, it is undisputed that the defendants "disposed of" property that was the subject of an order of the court. Nevertheless, defendants make two arguments in response to plaintiffs' motion. First, defendants assert that attachment is unavailable because plaintiffs have failed to demonstrate a likelihood of success on the merits. Def. Br. 4-5. Second, defendants contend that the stipulation did not clearly require that the $600,000 from the sale of the diner to be held in escrow needed to be in the form of cash. Defendants ask that their failure to deposit cash be excused, and cross-move to modify the stipulation to permit $450,000 of the $600,000 total to be deposited in the form of promissory notes. Def. Br. 3-4, 6-8.

A.  *Likelihood of Success*

This case has only recently been filed. No discovery has been taken, and plaintiffs have not yet established a compelling case on the merits of the underlying lawsuit. Defendants have conceded, however, that they received funds from plaintiffs. Defendants have also failed to provide any documents in opposition indicating that they invested those funds on plaintiffs'

3

behalf and that plaintiffs own any specific assets as a result of those investments. Moreover, plaintiff Oded Schor has submitted an affidavit attesting to the accuracy of the allegations in the complaint.

The probability of success a party must show to satisfy CPLR Section 6212 is unclear. At least one court has suggested that the standard should be applied flexibly, taking into account the movant's demonstrated need for relief as well as the strength of the movant's case. *Davila-Pena v. Morgan,* 149 F. Supp. 2d 91, 94 (S.D.N.Y. 2001). Although, at this early stage of the litigation, plaintiffs are unable to tender proof of their claims other than their own sworn statements and a concession by defendants of having received substantial funds from plaintiffs, other factors in this case tip the balance in favor of granting at least a limited attachment.

First, even assuming for purposes of this motion that defendants are correct that plaintiffs have not established a strong enough likelihood that they will succeed on the merits of their claims, plaintiffs have unquestionably established that they have the right to a balance of $600,000 in an escrow account available to satisfy any judgment that they might ultimately obtain in this case. And because defendants agreed to the stipulation and joined plaintiffs in asking this court to enter it as an order, plaintiffs also have the right to have the court enforce its terms. *See Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000) ("[W]hen a district court 'so orders' a stipulated settlement, it does accept some obligations. The clearest obligation is a duty to enforce the stipulation that it has approved."). Indeed, the court's enforcement obligation goes beyond the interests of the parties to this case, because the integrity of the court's processes, and the ability of courts to manage cases efficiently, depend on a party's ability to rely with confidence upon an adversary's compliance with the terms of a "so-ordered"

stipulation. *See Doe v. Pataki*, 2006 WL 936711 at *13 (S.D.N.Y. Apr. 12, 2006) ("When a court approves a consent decree, it has an 'affirmative duty' to enforce it to protect the 'integrity' of the process). Moreover, plaintiffs relied to their detriment upon defendants' agreement to fund that escrow account, by refraining from making a motion to preclude the sale of the asset at issue in this case, a diner. Affidavit of Oded Schor ¶ 6.

Plaintiffs have also made an overwhelming showing that defendants, with fraudulent intent, have deprived them of their right to have $600,000 held in escrow. Defendants' contention that the stipulation is ambiguous, and that promissory notes rather than cash might reasonably be understood to satisfy its terms, is ludicrous. The express terms of the stipulation refer only to $600,000, and make no provision for a note to be put in escrow in lieu of cash. Indeed, the stipulation refers to the $600,000 as the "escrow fund", a term that denotes cash, and it controls the terms on which the escrow agent may "dispose of such Escrow Funds," again indicating that only cash or its equivalent will satisfy the stipulation. Moreover, the context in which the stipulation was entered – providing for security against a possible judgment – suggests that promissory notes were not contemplated. Indeed, defendants acknowledged during the argument on this motion, held on June 7, 2006, that the notes they seek to put in escrow are payable over a term of years, and their value as security is therefore severely limited. Finally, and perhaps most persuasively, the stipulation calls for the deposit of the $600,000 into an interest bearing account at the Chase Manhattan Bank; it is beyond obvious that promissory notes may not earn interest in a bank account.

B. *The Stipulation Was Not Ambiguous*

Defendants attempt to support their contention that the stipulation is ambiguous by

5

asserting that all but $150,000 of the sales proceeds was used to pay debts owed by the diner business. Affirmation of Andrew S. Fisher, ¶ 7. This argument is unavailing as well. It appears that none of these purported debts were filed as liens or disclosed to plaintiffs at the time they agreed to forego their planned motion for injunctive relief in return for the stipulated escrow deposit. See Certification of Peter R. Silverman in Further Support of Order to Show Cause, ¶ 3. In essence, then, defendants simply chose to pay unsecured creditors instead of satisfying their court-ordered obligation to plaintiffs, and they did so without any notice to plaintiffs.

Defendants' attempt to have this court construe the stipulation as permitting notes to be substituted for cash is a transparent attempt to avoid responsibility for their disobedience of the court's order. If defendants thought the stipulation was ambiguous, they could certainly have sought clarification before they sold the diner and disbursed the proceeds. They did not. If, as defendants urge, the parties always contemplated that the $600,000 would be comprised of notes as well as cash, or that the full amount would be paid into escrow only if there were sufficient funds from the sale of the diner after all creditors were fully paid, these terms would have been set forth in the express language of the stipulation. Moreover, the funds and notes would have been placed into escrow when the diner was sold. As defendants acknowledged during today's argument, they were not. In short, defendants' conduct has persuaded this court that their contentions in opposition to plaintiffs' motion are disingenuous.

C.     *Defendants are in Contempt of an Order of the Court*

The above findings also form the basis of my recommendation that defendants be found in contempt of Judge Korman's order of April 12, 2006. To determine whether a party should be held in contempt, a three prong test applies: (1) the order must be clear and unambiguous; (2)

proof of non-compliance must be clear and convincing; and (3) the contemnor must not have been reasonably diligent in attempting to comply. U.S. v. Local 1804-1, Int'l Longshoremen's Ass'n, AFL-CIO, 44 F.3d 1091, 1096 (2d Cir. 1995).

As discussed in detail above, the stipulation entered as an order of the court was clear and unambiguous. Defendants concede that they have not yet complied with the stipulation. As defendants did not even put a combination of notes and cash into the escrow fund upon sale of the diner – the strained interpretation of the stipulation that they now urge – there is no basis to argue that they were reasonably diligent in attempting to comply.

## CONCLUSION

For the reasons stated above, I reject defendants' arguments. I respectfully recommend that defendants' motion to modify the stipulation be denied and that plaintiffs' motion be granted in part by entry of an order providing as follows:

> 1) Plaintiffs may serve prompt discovery demands calling for reasonably expedited responses, including interrogatories, document demands and deposition notices upon defendants for purposes of discovering what assets defendants possess, and defendants shall respond to same without objection in the expedited manner demanded;
>
> 2) Plaintiffs may attach assets of defendants with a value not to exceed $600,000 or, if defendants post cash in escrow, not to exceed the difference between $600,000 and the balance in the escrow account; and
>
> 3) Defendants are found in contempt for failure to comply with the stipulation, and as sanctions (1) defendants shall pay plaintiffs attorneys fees and costs on this motion, and (2) the undertaking otherwise required by N.Y. C.P.L.R. 6212 will not be required in this case. Defendants will bear the costs and fees associated with the attachment of their assets even if plaintiffs do not ultimately prevail on the merits of this case.

Because there is no indication that defendants' failure to comply with the terms of the stipulation will adversely affect plaintiffs' ability to establish liability, I recommend that plaintiffs' motion, to the extent it seeks to have defendants' answer stricken, be denied.

Finally, I recommend that the time for filing objections be shortened to five days in light of the nature of the relief sought by plaintiffs' motion.

Any objections to the recommendations in this report must be filed with the Clerk of the Court and the Chambers of the Honorable Edward R. Korman within five days of receiving this Report and Recommendation, and in any event, no later than June 14, 2006. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. §636(b)(2); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 7, 2006

U:\schor 060706.wpd